UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAYLA SUGGETT,

Plaintiff,

v.

SOLANO COUNTY, et al.,

Defendants.

No.  2:24-cv-0011 AC

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a former county and current state inmate who has filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  She has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that she cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations

The complaint alleges that defendants Solano County, Hagen, Valdez, and Livingston violated plaintiff's Fourteenth Amendment due process rights and retaliated against her in violation of the First Amendment. ECF No. 1.

Plaintiff alleges that on September 14, 2023, she filed a grievance against defendant Valdez for covering her window for "extended periods of time" as a form of retaliation. Id. at 3, 5. Although the grievance was substantiated, Valdez continued to cover plaintiff's window, and on September 24, 2023, plaintiff appealed the grievance, requesting assistance from defendant Hagen, who overturned the finding of retaliation and denied the grievance to "cover up the

2

situation." Id.

On September 27, 2023, Valdez entered plaintiff's cell in the middle of the night for a random cell search, without a female officer present, while plaintiff was made to stand in the hallway wearing only her t-shirt. Id. at 3-5. Then, over the following days from September 27, 2023 until September 30, 2023, Valdez continued to cover plaintiff's window during his shift from 7:00 p.m. to 7:00 a.m. Id. at 3, 5.

On October 1, 2023, plaintiff filed a Prison Rape Elimination Act (PREA) complaint against Valdez, reporting the incident that occurred on September 27, after which plaintiff alleges that defendants Hagen and Solano County did not take proper action. Id. at 3-5.

Livingston took over Valdez's shift on October 5, 2023, but continued to cover her cell window for the entire evening. Id. at 5-6. That night, plaintiff requested to speak to the sergeant or a mental health provider during an anxiety attack and was refused. Id. at 6. Instead, Livingston filed two incident reports against plaintiff in retaliation for filing a PREA complaint against Valdez. Id. at 6-7. A disciplinary hearing was held regarding the incident reports on October 8, 2023. Id. at 7.

III.     Duplicative Claims

"[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688, overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

The factual allegations of the present complaint (including dates of the incidents, grievance numbers, and disciplinary write ups), the named defendants and plaintiff's claims for retaliation, are identical to those brought in Suggett v. Solano County Justice Center (Suggett I), No. 2:23-cv-1438 JDP (E.D. Cal). Although plaintiff in the present filing also alleges Fourteenth Amendment violations by defendants, the operative facts which form the basis of those claims are

3

identical to the factual basis for the retaliation claims in Suggett I.  See Suggett I, ECF No. 1.

Because plaintiff "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant," MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013), and because the parties and claims in the present case are largely identical, the undersigned will recommend the action be dismissed as duplicative.  The recommended dismissal will be without prejudice to a motion for leave to amend the complaint in Suggett I.

IV.    Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed because it is duplicative of the complaint in Suggett I, No. 2:23-cv-1485 JDP (E.D. Cal).  Any claims and defendants that are not duplicative are substantially related to the duplicative claims.  You cannot maintain two lawsuits about the same incidents.  You may seek permission to amend your complaint in the other case, but you cannot initiate a new case about the same thing.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FUTHER RECOMMENDED that this action be dismissed without prejudice as duplicative of Suggett v. Solano County Justice Center, No. 2:23-cv-1485 JDP (E.D. Cal).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

4

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE